IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE E. MITCHELL, | ) | |
| | ) | Civil Action No. 09-1576 |
| Plaintiff, | ) | |
| | ) | District Judge Terrence F. McVerry |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| TOM CORBET, DANTE G. BERTANI, and | ) | |
| JOHN SWEENY, ESQ., | ) | Doc. No. 1 |
| | ) | |
| Defendants | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Plaintiff's Complaint be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

### II. REPORT

Plaintiff is a prisoner currently serving a sentence of two to four years at the State Correctional Institution in Fayette, Pennsylvania. He brings this civil rights action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Pennsylvania Attorney General Thomas Corbett, Jr., Westmoreland County Public Defender Dante G. Bertani, and Westmoreland County Assistant Public Defender John Sweeney. Plaintiff makes no allegations against either Defendant Corbett or Defendant Bertani, but alleges that Defendant Sweeney "refused to do the job his office and position as assistant Public Defender requires." Plaintiff claims that in defending him in a criminal proceeding, Defendant Sweeney failed to collect particular photographs and a statement from an investigator, failed to challenge testimony, and coerced a plea deal.

This Court is required, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B). The Court must *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

To state a claim for relief under § 1983, the plaintiff must demonstrate that the conduct alleged in the complaint was committed by a person or entity acting under the color of state law and that such conduct caused the deprivation of rights, privileges or immunities secured by the Constitution or the laws of the United States. Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Additionally, in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized a cause of action against a federal agent when the agent, acting under color of his authority, violated an individual's constitutional rights.

However, the Supreme Court has held that a public defender does not act under color of state law under 42 U.S.C. § 1983 (the statutory counterpart to a Bivens claim) when performing the traditional functions of counsel to a criminal defendant in a state proceeding. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Although paid and ultimately supervised by the state, "a public defender works under canons of professional responsibility that mandate his exercise of independent judgment on behalf of the client" and enjoys professional independence from the state. Id. at 321-22. Accordingly, in this instance Plaintiff's claim cannot survive.

Plaintiff's claim is barred also by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994), which precludes a prisoner from using the civil rights law to collaterally challenging the validity of a conviction through the pursuit of money damages. The Heck court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . . Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 486-87 (footnotes omitted) (emphasis added). Because Plaintiff pleaded guilty and that conviction has been neither overturned, invalidated, nor called into question by the issuance of a writ of habeas corpus, Plaintiff's damage claim is not cognizable under Bivens.

## III. CONCLUSION

It is respectfully recommended that Plaintiff's Complaint be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Order to file objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Dated: Jan. 5, 2010

Lisa Pupo Lenihan
United States Magistrate Judge

cc: George E. Mitchell
HG - 2867
SCI Fayette
P.O. Box 9999
LaBelle, PA 15450